E-FILED
Wednesday, 26 December, 2018 04:23:06 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **DAVID P. RAIN, III** | ) | |
| | ) | **Case No.** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **PATTMAN, LLC, d/b/a WENDY'S** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT AND JURY DEMAND

### NATURE OF CLAIM

1. This action is brought to remedy discrimination on the basis of disability in the terms, conditions, and privileges of employment, including the right to be reasonably accommodated, protected by the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 et. seq., with supplemental claims under the Illinois Human Rights Act, 775 ILCS 5/1 et. seq.

### THE PARTIES

2. Plaintiff is an adult male residing in Jacksonville, Illinois, and at all times relevant to this Complaint, was employed by Defendant Pattman, LLC, d/b/a Wendy's.

3. Plaintiff, at all times relevant to this complaint, was a qualified employee with a disability within the meaning of 42 U.S.C. §12111(8) of the ADA and an individual with a disability within the meaning of 775 ILCS 5/1-103(I) of the Illinois Human Rights Act.

4. Defendant is in the fast-food restaurant business (trade name Wendy's) located at 448 South Main Street, Jacksonville, Illinois 62650.

5. Defendant had 15 or more employees and was at all relevant times a covered employer within the meaning of 42 U.S.C. § 12111(5)(A) of the ADA and an employer within the meaning of 775 ILCS 5/2-101(B) of the Illinois Human Rights Act.

**JURISDICTION AND VENUE**

6. The jurisdiction of this Court is conferred by 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

7. Venue is properly laid in this judicial district pursuant to 42 U.S.C. § 12117(a), 42 U.S.C. § 2000E-5(f)(3), and 28 U.S.C. § 1331 because the employment practices involved in this dispute occurred in Jacksonville, Illinois, within this judicial district.

8. Plaintiff has complied with all statutory prerequisites to his ADA claim, having filed a charge of discrimination with the Equal Employment Opportunity Commission and obtained a Notice of Right to sue letter dated December 11, 2018. On November 26, 2018, The Illinois Department of Human Rights issued a Notice Of Opt Out of IDHR's Investigative and Administrative Process And As of Right To Commence An Action in Circuit Court within 95 days.

**FACTUAL ALLEGATIONS**

9. Plaintiff has a record of disability, having been diagnosed with Autism Spectrum Disorder (F84.0) - Level 1 for social communication and interaction/restricted, repetitive behaviors and interests; with accompanying intellectual impairment. Asperger's Syndrome is a term formerly used to describe autism spectrum disorder. Autism spectrum disorder is specifically included as a disability under the Illinois Human Rights

Act, 775 ILCS 5/1-103 (I)(5).

10. Autism is an intellectual disability that substantially limits brain function, i.e., the ability of the brain to regulate thought processes and emotions as stated in 29 C.F.R. § 1630.2 (j)(3)(iii).

11. Plaintiff was hired to work as an attendant by Defendant in April, 2018, and was able to perform the essential functions of his position.

12. Plaintiff was perceived by Defendant to have a disability.

13. Plaintiff was harassed on multiple occasions including, but not limited to, the Defendant's district manager would deny him a drink of water during his shift; an assistant manager of Defendant would make jokes about him and laugh at him to other employees; a co-worker at one point berated him so loudly in front of customers that a customer complained about his mistreatment; a cook training him at the grill would slap his hand hard instead of giving him verbal instructions; and the Defendant's general manager, as well as other employees, would yell at him and mock him in front of other employees and customers.

14. Plaintiff complained about the harassment but it continued nevertheless.

15. The harassment was unwelcome and created a hostile, intimidating and offensive work environment that substantially interfered with Plaintiff's ability to perform his job.

16. On September 17, 2018, Plaintiff's employment was terminated by the general manager who stated that Plaintiff was fired because he made customers feel uncomfortable.

**COUNT I**
**Violation of the Americans with Disabilities Act**
**(Hostile Work Environment)**

17. Plaintiff realleges and incorporates paragraphs 1 through 16 of this complaint.

18. Plaintiff was subjected to unwelcome harassment based on Plaintiff's disability.

19. Plaintiff was subjected to harassment that was sufficiently severe or pervasive to alter a term or condition of Plaintiff's employment and substantially interfere with his ability to perform his job.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) Compensatory damages suffered because of embarrassment, humiliation, insult and emotional suffering; 2) Punitive damages because the Defendant acted with malice and reckless indifference to his rights; 3) Lost wages and front pay; 4) Attorney's fees, litigation expenses and court costs; 5) Post judgment interest; and 6) Any other relief the Court deems just and proper.

Jury Trial Demanded

**COUNT II**
**Violation of the Americans with Disabilities Act**
**(Failure to Accommodate)**

20. Plaintiff realleges and incorporates paragraphs 1 through 16 of this complaint.

21. The Defendant's managers knew about Plaintiffs disability and the need for additional training as a reasonable accommodation to his disability was obvious.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) Compensatory damages suffered because of embarrassment, humiliation, insult and emotional suffering; 2) Punitive damages because the Defendant acted with malice and reckless indifference to his rights; 3) Lost wages and front pay; 4) Attorney's fees,

litigation expenses and court costs; 5) Post judgment interest; and 6) Any other relief the Court deems just and proper.

Jury Trial Demanded

**COUNT III**
**Violation of the Americans with Disabilities Act**
**(Discharge Because of Mental Disability)**

22. Plaintiff realleges and incorporates paragraphs 1 through 16 of this complaint.

23. Plaintiff performed the duties of his position according to Defendant's expectations.

24. Defendant's general manager discharged Plaintiff because of the stated reason that Plaintiff made customers feel uncomfortable.

25. Similarly situated non-disabled employees were not discharged under similar circumstances.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) Compensatory damages suffered because of embarrassment, humiliation, insult and emotional suffering; 2) Punitive damages because the Defendant acted with malice and reckless indifference to his rights; 3) Lost wages and front pay; 4) Attorney's fees, litigation expenses and court costs; 5) Post judgment interest; and 6) Any other relief the Court deems just and proper.

Jury Trial Demanded

**COUNT IV**
**Violation of the Illinois Human Rights Act**
**(Hostile Work Environment)**

26. Plaintiff realleges and incorporates paragraphs 1 through 16 of this complaint.

27. Plaintiff was subjected to unwelcome harassment based on Plaintiff's disability.

28. Plaintiff was subjected to harassment that was sufficiently severe or pervasive to alter a term or condition of Plaintiff's employment and substantially interfere with his ability to perform his job.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) Compensatory damages suffered because of embarrassment, humiliation, insult and emotional suffering; 2) Punitive damages because the Defendant acted with malice and reckless indifference to his rights; 3) Lost wages and front pay; 4) Attorney's fees, litigation expenses and court costs; 5) Post judgment interest; and 6) Any other relief the Court deems just and proper.

Jury Trial Demanded

**COUNT V**
**Violation of the Illinois Human Rights Act**
**(Failure to Accommodate)**

29. Plaintiff realleges and incorporates paragraphs 1 through 16 of this complaint.

30. The Defendant's managers knew about Plaintiffs disability and the need for additional training as a reasonable accommodation to his disability was obvious.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) Compensatory damages suffered because of embarrassment, humiliation, insult and emotional suffering; 2) Punitive damages because the Defendant acted with malice and reckless indifference to his rights; 3) Lost wages and front pay; 4) Attorney's fees, litigation expenses and court costs; 5) Post judgment interest; and 6) Any other relief the Court deems just and proper.

Jury Trial Demanded

**COUNT VI**
**Violation of the Illinois Human Rights Act**
**(Discharge Because of Mental Disability)**

31. Plaintiff realleges and incorporates paragraphs 1 through 16 of this complaint.

32. Plaintiff performed the duties of his position according to Defendant's expectations.

33. Defendant's general manager discharged Plaintiff because of the stated reason that Plaintiff made customers feel uncomfortable.

34. Similarly situated non-disabled employees were not discharged under similar circumstances.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) Compensatory damages suffered because of embarrassment, humiliation, insult and emotional suffering; 2) Punitive damages because the Defendant acted with malice and reckless indifference to his rights; 3) Lost wages and front pay; 4) Attorney's fees, litigation expenses and court costs; 5) Post judgment interest; and 6) Any other relief the Court deems just and proper.

Jury Trial Demanded

Respectfully submitted,

**DAVID P. RAIN, III**

s/ James A. Devine
Attorney for Plaintiff

James A. Devine
Attorney at Law
607 East Adams, Suite 1510
Springfield, Illinois 62701
voice (217) 788-0798
facsimile (217) 788-1660
email: jamesalbertdevine@gmail.com
ARDC No. 0625140